UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury B-21-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:21CR98 (JBA) |
| v. | VIOLATION: |
| TAJH WILEY, a/k/a "Yung,"<br>KENSTON HARRY,<br>JEVAUGHN WATSON, a/k/a "Russ,"<br>MYRON BROWN, a/k/a "Farid,"<br>SASHERY FELIZ,<br>CHARLES RICHARDSON, a/k/a "Uncle Charles,"<br>PETER MUNOZ, a/k/a "Peter Escalante-Munoz," and<br>DESTINY WADE | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 841(b)(1)(D), and 846<br>(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)<br><br>21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Controlled Substances)<br><br>18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)

1. From approximately January 2020 through on or about June 9, 2021, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants TAJH WILEY, a/k/a "Yung," KENSTON HARRY, JEVAUGHN WATSON, a/k/a "Russ," MYRON BROWN, a/k/a/ "Farid," SASHERY FELIZ, CHARLES RICHARDSON, a/k/a "Uncle Charles," PETER MUNOZ, a/k/a "Peter Escalante-Munoz," and DESTINY WADE, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire together and with one another to distribute, and to possess with the intent to distribute, controlled substances, namely a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance; a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

QUANTITY OF FENTANYL INVOLVED IN THE CONSPIRACY

2. Defendants TAJH WILEY, a/k/a "Yung," and KENSTON HARRY knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(b)(1)(A)(vi).

QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY

3. Defendants TAJH WILEY, a/k/a "Yung," KENSTON HARRY, and MYRON BROWN, a/k/a "Farid," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(l)(B)(ii).

4. Defendants JEVAUGHN WATSON, a/k/a "Russ," SASHERY FELIZ, CHARLES RICHARDSON, a/k/a "Uncle Charles," PETER MUNOZ, a/k/a "Peter Escalante-Munoz," and DESTINY WADE knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(l)(C).

QUANTITY OF MARIJUANA INVOLVED IN THE CONSPIRACY

5. Defendants TAJH WILEY, a/k/a "Yung," KENSTON HARRY, JEVAUGHN WATSON, a/k/a "Russ," MYRON BROWN, a/k/a/ "Farid," SASHERY FELIZ, CHARLES RICHARDSON, a/k/a "Uncle Charles," PETER MUNOZ, a/k/a "Peter Escalante-Munoz," and DESTINY WADE knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(l)(D).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Possession with Intent to Distribute Fentanyl)

6. On or about June 9, 2021, in the District of Connecticut, the defendant KENSTON HARRY did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

COUNT THREE
(Possession with Intent to Distribute Cocaine)

7. On or about June 9, 2021, in the District of Connecticut, the defendant KENSTON HARRY did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## COUNT FOUR
(Possession with Intent to Distribute Cocaine Base)

8. On or about June 9, 2021, in the District of Connecticut, the defendant TAJH WILEY, a/k/a "Yung," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
(Possession with Intent to Distribute Marijuana)

9. On or about June 9, 2021, in the District of Connecticut, the defendant KENSTON HARRY did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT SIX
(Conspiracy to Launder Monetary Instruments)

10. Paragraphs 1 through 9 are incorporated by reference.

11. From in or about January 2020 through on or about June 9, 2021, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants TAJH WILEY, a/k/a "Yung," and DESTINY WADE did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit money laundering under Title 18, United States Code, Section 1956, namely:

   a. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified

4

unlawful activity, that is, possession with intent to distribute and distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of specified unlawful activity, that is, possession with intent to distribute and distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## MANNER AND MEANS

12. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

    a. The defendant DESTINY WADE accepted U.S. currency from defendant TAJH WILEY, a/k/a "Yung," which U.S. currency was the proceeds of the distribution of controlled substances by WILEY and others, and deposited and enabled WILEY to deposit the U.S. currency into an account ending in 0798, which account DESTINY WADE maintained in her name and the name of her mother at Bank of America, which maintains an office in the District of Connecticut;

    b. The defendant TAJH WILEY, a/k/a "Yung," deposited U.S. currency into the account ending in 0798, which DESTINY WADE maintained in her name and the name of her mother at Bank of America, which maintains an office in the District of Connecticut;

c. At the direction of TAJH WILEY, a/k/a "Yung," DESTINY WADE leased automobiles including a 2020 Land Rover Range Rover from JPMorgan Chase Bank N.A. and a 2021 Mercedes Benz GT63C4 from Daimler Trust d/b/a Mercedes Benz Financial Services USA LLC for the use of WILEY in possessing and distributing controlled substances;

d. At the direction of TAJH WILEY, a/k/a "Yung," DESTINY WADE paid JPMorgan Chase Bank N.A. and Daimler Trust d/b/a Mercedes Benz Financial Services USA LLC with the proceeds of the distribution of controlled substances by WILEY and others, using automated transfer payments from the Bank of America account ending in 0798;

e. Between January 2020 and June 9, 2021, TAJH WILEY, a/k/a "Yung," and DESTINY WADE made deposits and received transfers into the Bank of America account ending in 0798 of approximately $197,110. During that same time period, WILEY earned no wages and WADE earned no wages but received unemployment insurance payments totaling approximately $10,539, which were deposited into the Bank of America account ending in 0798.

All in violation of Title 18, United States Code, Sections 1956(h).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

13. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Five of this Superseding Indictment, the defendants TAJH WILEY, a/k/a "Yung," KENSTON HARRY, JEVAUGHN WATSON, a/k/a "Russ," MYRON BROWN, a/k/a/ "Farid," SASHERY FELIZ, CHARLES RICHARDSON, a/k/a "Uncle Charles," PETER MUNOZ, a/k/a "Peter Escalante-Munoz," and DESTINY WADE shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations

of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, without limitation, the following:

    a. One 10kt rose gold 22" long diamond necklace, which was seized from a residence associated with WILEY on or about June 9, 2021;

    b. One 14kt yellow gold and diamond 8" bracelet, which was seized from a residence associated with WILEY on or about June 9, 2021;

    c. One 18kt white gold diamond ring, which was seized from a residence associated with WILEY on or about June 9, 2021;

    d. One 18kt yellow gold ring, which was seized from a residence associated with WILEY on or about June 9, 2021;

    e. One 14kt yellow gold and diamond ring, which was seized from a residence associated with WILEY on or about June 9, 2021;

    f. One 14kt yellow gold 18.5" rope chain, which was seized from a residence associated with WILEY on or about June 9, 2021;

    g. One 18kt white gold and diamond bracelet, which was seized from a residence associated with WILEY on or about June 9, 2021;

    h. One 14kt yellow gold and diamond charm, which was seized from a residence associated with WILEY on or about June 9, 2021;

    i. One Audemars Piguet watch with diamonds, which was seized from a residence associated with WILEY on or about June 9, 2021;

    j. One Walther 9mm handgun bearing serial number 238794, which was seized from premises associated with HARRY on or about June 9, 2021;

    k. One H+R Pardner Pump 12-gauge shotgun bearing serial number NZ613235, which was seized from premises associated with HARRY on or about June 9, 2021;

    l. One SKS Norinco rifle bearing serial number 21001828, which was seized from premises associated with HARRY on or about June 9, 2021;

    m. One Ruger GP100 .357 magnum caliber revolver bearing serial number 172-66358, which was seized from premises associated with HARRY on or about June 9, 2021;

    n. Multiple boxes of ammunition seized from 327 Park Avenue, Bloomfield, CT, a residence associated with HARRY, on or about June 9, 2021;

    o. $4,260 in U.S. currency seized from 327 Park Avenue, Bloomfield, CT, a residence associated with HARRY, on or about June 9, 2021;

    p. $1,800 in U.S. currency seized from 2814 Main Street, Hartford, Connecticut, premises associated with HARRY, on or about June 9, 2021; and

    q. One 14kt yellow gold 24.5" necklace, one 14kt yellow gold 8.45" bracelet, and one 10kt gold ring, all seized from HARRY on or about June 9, 2021.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Money Laundering Offense)

15. Upon conviction of the money laundering offense alleged in Count Six of this Superseding Indictment, the defendants TAJH WILEY, a/k/a "Yung," and DESTINY WADE shall forfeit to the United States, pursuant to Title 21, United States Code, Section 982(a)(1), all right, title, and interest in any and all money and other property involved in the offense in violation of

18 U.S.C. § 1956(h) and all property traceable to such property, including, without limitation, the following:

    a. One 10kt rose gold 22" long diamond necklace, which was seized from a residence associated with WILEY on or about June 9, 2021;

    b. One 14kt yellow gold and diamond 8" bracelet, which was seized from a residence associated with WILEY on or about June 9, 2021;

    c. One 18kt white gold diamond ring, which was seized from a residence associated with WILEY on or about June 9, 2021;

    d. One 18kt yellow gold ring, which was seized from a residence associated with WILEY on or about June 9, 2021;

    e. One 14kt yellow gold and diamond ring, which was seized from a residence associated with WILEY on or about June 9, 2021;

    f. One 14kt yellow gold 18.5" rope chain, which was seized from a residence associated with WILEY on or about June 9, 2021;

    g. One 18kt white gold and diamond bracelet, which was seized from a residence associated with WILEY on or about June 9, 2021;

    h. One 14kt yellow gold and diamond charm, which was seized from a residence associated with WILEY on or about June 9, 2021;

    i. One Audemars Piguet watch with diamonds, which was seized from a residence associated with WILEY on or about June 9, 2021; and

a sum of money equal to the total amount of money involved in the offense for which the defendant is convicted.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

All in accordance with Title 18, United States Code, Section 982(a)(l); Title 21, United States Code, Section 853; and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

_____
PATRICK J. DOHERTY
ASSISTANT UNITED STATES ATTORNEY

_____
ELENA L. CORONADO
ASSISTANT UNITED STATES ATTORNEY