UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAJH WILEY | Crim. No. 3:21cr98 (JBA)<br><br>June 10, 2022 |

**RULING ON DEFENDANT TAJH WILEY'S MOTION TO PRECLUDE INTRODUCTION OF SOCIAL NETWORK EVIDENCE AT TRIAL**

Defendant Tajh Wiley moves to preclude introduction of material from his social media accounts. (*See* Def.'s Mem. [Doc. # 244-1] at 1.) Specifically, Wiley seeks to exclude videos from the multimedia website YouTube which depict him in possession of weapons and "large stacks of cash, cars, jewelry, expensive clothing, shoes, and watches." (*Id.*) Wiley argues against their inclusion because he claims these videos constitute unfair prejudice as they portray him "living a lifestyle consistent with the drug trafficker." (*Id.*)

In its opposition to Wiley's motion, the Government has identified five music videos publicly available on YouTube whose contents they "may seek to introduce" at trial. (Gov't Opp'n [Doc. # 266] at 1.) Each video depicts Wiley holding unknown sums of cash, sitting in or near various luxury vehicles, and performing rap songs that include lyrics describing drug distribution. (*Id.* 2-3.) In one of the videos, Wiley can be seen holding a handgun, while another video depicts an unidentified person holding a handgun standing near Wiley. The Government argues that these videos are relevant because they discuss Wiley's alleged drug trafficking activities and his knowledge of the drug trade, corroborating other evidence in the Government's possession. (*Id.* at 6-8.) The Government also contends that the videos are not unduly prejudicial because the "lifestyle" depicted in the videos "reflected Wiley's lived experience" and is corroborated by other evidence the Government intends to introduce at trial. (*Id.* at 8-9.)

Federal Rule of Evidence 403 provides for the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When evaluating evidence that takes the form of music, while "[o]ne would not presume that Bob Marley, who wrote the well-known song 'I Shot the Sheriff,' actually shot a sheriff," lyrics of that sort are still admissible if they satisfy the Rule 403 standard. *United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) (citation and quotation omitted).

The question whether evidence is unduly prejudicial is not about whether it suggests a defendant's guilt, but instead whether "it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Massino*, 546 F.3d 123, 133 (2d Cir. 2008) (citation and quotations omitted). In other words, Rule 403 likely bars evidence that creates "an undue tendency to suggest decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Although the availability of alternative testimony does not alone provide a basis for excluding evidence, it is "properly consider[ed] . . . as a factor in balancing the probative value and the risk of prejudice" posed by proffered evidence. *United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006) ("[U]nfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged.").

Although the Government indicates that it may offer at trial five YouTube videos, it has not specified in its trial memorandum [Doc. # 316] or by motion in limine what videos, or portions thereof, it intends to introduce and for what purpose. While these videos may contain admissible evidence, the introduction of all five videos in their entirety may be

cumulative.[1] *See United States v. Rivera*, No. 13–CR–149(KAM), 2015 WL 1757777, at *8 (E.D.N.Y. Apr. 17, 2015) ("The court is unlikely to admit duplicative videos that the government offers solely for the purpose of proving the existence of the enterprise, because of the court's concerns about cumulative evidence and wasting the jury's time."). But the Court cannot make those assessments without specific delineation by the Government regarding which videos, in whole or in part, it seeks to introduce. Therefore, the Government is directed to set out which videos or excerpts of videos it will seek to offer at trial, as well as identify the purpose(s) for introducing them, in order to give the Court and Wiley the opportunity to assess their admissibility. The Government may include this information in its supplemental pre-trial memorandum or file a motion in limine to introduce specific video evidence sufficiently in advance of the trial day on which it seeks to introduce the evidence, so Wiley can identify, by memorandum or renewed motion to preclude, which portions, if any, he objects to and his grounds.

For the forgoing reasons, Defendant Wiley's motion [Doc. # 244] is DENIED without prejudice.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.
Dated at New Haven, Connecticut this 10th day of June 2022.

---

[1] The Court also notes that given that Wiley is not charged with a criminal offense involving the use of a firearm, any depiction of firearms in these videos does not constitute evidence relevant to the charged offenses. These depictions also may be unduly prejudicial as they may inspire irrelevant considerations by the jury in light of recent national headlines involving gun violence.