IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAJH WILEY, *et. al.* | Case No. 3:21-cr-98 (JBA)<br><br>June 14, 2022 |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE RE RULE OF COMPLETENESS FOR EXCERPTS OF RECORDINGS OFFERED AT TRIAL**

I. **Introduction**

The Government intends to offer exhibits containing recordings from intercepted wire communications and Westchester County jail telephone calls, along with transcripts, and pole camera footage from 2814 Main Street, Hartford. Several of these exhibits contain an excerpt of a recording, rather than the entire recording, in order to avoid any unnecessary delay at trial. The Government has provided full versions of the recordings to the defendants' counsel in discovery and intends to provide the excerpts to be used at trial, with any accompanying transcripts, to the defendants by the end of this week. If any defendant(s) intends to file a motion under Fed. R. Ev. 106 ("the rule of completeness"), the Government requests that the Court require the defendant(s) to file any such motion on or before July 5, 2022 so that the Government can adequately prepare such exhibits/recordings for trial.[1]

II. **Argument**

Fed. R. Ev. 106 ("the rule of completeness") provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time,

---

[1] The Government reserves its right to object to any motions under Fed. R. Ev. 106.

of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time."

The Government requests, with respect to any excerpted wire communications, jail telephone calls, and pole camera footage, that any defense motions pursuant to Fed. R. Ev. 106 ("the rule of completeness") be made in advance of trial. The Government seeks to avoid any unnecessary delay at trial and cannot predict "any other part" of the recording or "any other writing or recorded statement" that the defendant may seek to introduce to be considered at the same time. Due to technological limitations in the courtroom and the technology employed (i.e., Trial Director software), those "other part(s)" could be difficult to display to the jury without prior notice. Moreover, the Government cannot prepare a transcript as a jury aid for an exhibit it cannot predict will be introduced. As such, the Government requests that any motions pursuant to Fed. R. Ev. 106 be made in advance of trial so that the recording that a defendant seeks to introduce can be properly marked, transcribed (if necessary), and made compatible with courtroom technology.

### III.　Conclusion

For the reasons discussed above, the Government respectfully requests that the Court impose a deadline of July 5, 2022 for any motions pursuant to Fed. R. Ev. 106 regarding excerpts of recordings of intercepted wire communications, jail telephone calls, and pole camera footage so that the Government can prepare such exhibits/recordings for trial.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

__/s/_____
ROBERT S. DEARINGTON
Federal Bar No. ct28862
PATRICK J. DOHERTY
Federal Bar No. PHV10400
ELENA L. CORONADO
Federal Bar No. PHV09758
ASSISTANT U.S. ATTORNEYS
1000 Lafayette Blvd., 10th Fl.
Bridgeport, Connecticut 06604

## **CERTIFICATE OF SERVICE**

This is to certify that on June 14, 2022, a copy of the foregoing was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

__/s/_____
ROBERT S. DEARINGTON
ASSISTANT U.S. ATTORNEY
